**TIDEWATER ASSOCIATED OIL CO. et al. v. J. K. HUGHES OIL CO. et al.**

**No. 10049.**

Court of Civil Appeals of Texas. Austin.

May 21, 1952.

R. H. Wilden, Houston, Dan Moody, J. B. Robertson, Austin, for appellant Shell Oil Co.

Y. P. Broome, Tulsa, Okla., Lloyd Armstrong, Houston, for Tide Water Associated Oil Co.

Rex G. Baker, Nelson Jones, Dillard Baker, Houston, for Humble Oil & Refining Co.

Powell, Wirtz & Rauhut, J. A. Rauhut, Austin, for Tide Water Associated Oil Co. et al.

Price Daniel, Atty. Gen., Charles E. Crenshaw, Executive Asst. Atty. Gen., Dean J. Capp, Asst. Atty. Gen., for R. Commission of Texas.

H. M. Harrington, Jr., Longview, for J. K. Hughes Oil Co.

HUGHES, Justice.

This is a Rule 37 case. The involved permit is for J. K. Hughes Oil Company Well No. 1 on what is known as the Pomp Mitchell heirs 0.64 acre tract out of the J. S. Caruthers and Mary Van Winkle Surveys in the East Texas oil field in Gregg County, Texas.

The permit was granted by the Railroad Commission as an exception to its spacing Rule No. 37 in order to prevent confiscation and waste.

On appeal to the District Court and in a nonjury trial the permit was sustained.

It is undisputed in the record that the well authorized by the permit was not necessary to prevent waste and appellees do not seek to sustain the permit on that ground, relying solely upon necessity for the well in order to prevent confiscation of property.

Appellants are Shell Oil Company, Tidewater Associated Oil Company, and Humble Oil and Refining Company, all of whom are conceded to be interested parties au-

thorizing them to question the validity of the involved permit.

Appellees are the Railroad Commission of Texas and the J. K. Hughes Oil Company.

The parties have stipulated to these facts:

On December 7, 1929, the heirs of Pomp Mitchell and wife were Arthur, Jim and Eddie Mitchell and Anna Bean, Dora Brittain and Hattie Douglas, and that as such heirs they inherited a tract of land identified by the letters A–B–C–D–E–F, less the two triangular tracts containing 3.9 and 3.6 acres, respectively, on the West side, on the plat shown below.

By partition deed executed by the Mitchell heirs on December 7, 1949, the 5½ acre tract C–H–I–J, as shown on such plat was conveyed in severalty to Hattie Douglas, the 5½ acre tract D–K–I–J to Jim Mitchell, the 6¼ acre tract E–F–G–K to Eddie Mitchell and to Arthur Mitchell, Dora Brittain and Anna Bean the tract A–B–H–G (less triangular tracts) containing 18¾ acres.

This latter 18¾ acre tract was on December 7, 1929, conveyed by Arthur Mitchell, Dora Brittain and Anna Bean to J. B. Watson, who on December 29, 1930, leased such tract, and other lands, for oil and gas development and such lease is now in full force and effect.

In October, 1930, Hattie Douglas, Jim and Eddie Mitchell leased for oil and gas development the three tracts set aside to

them and that this lease is in full force and effect.

All of these leases were executed after the discovery of oil in this area which was in September, 1930.

The 0.64 acre tract covered by the permit involved here is shown on the plat by the letters H-G-G[1]. Appellee J. K. Hughes Oil Company holds, by assignment, an oil and gas lease on this tract executed by the Mitchell heirs in June 1947.

It is undisputed that this 0.64 acre tract actually lies within the Watson 18¾ acre tract. Appellees claim, however, that Watson lost title to this tract and the heirs of Pomp Mitchell acquired title thereto by ten years adverse possession commencing in December 1929.

█ The basis of this claim is that immediately after Watson was conveyed the 18¾ acre tract he built a fence on the east side of his property which failed to include all of his land, leaving outside his fence the 0.64 acre tract, and that the heirs of Pomp Mitchell immediately went into possession of such tract and used and enjoyed it in such manner that they perfected limitation title to it in 1939, and that this title relates back to the inception of the adverse claim.

The parties have devoted much of their briefs to the evidence regarding adverse possession of the 0.64 acre tract.

Since we are of the opinion that the permit involved is invalid even though the Mitchell heirs perfected title to this tract by ten years adverse possession ending in 1939, we assume, for the purpose of this opinion, that there is substantial evidence to support the conclusion that appellees have made a reasonably satisfactory showing of a good faith claim of limitation title.

It is appellees' position that, for the purpose of applying Rule 37, title acquired by adverse possession relates back to the commencement of such possession and vests as of that time, and that since adverse possession of the 0.64 acre tract began before the discovery of oil in its vicinity Rule 37 was not then in force in that area and such

tract would be entitled to one well in order to avoid confiscation.

Appellees' authority for their position is an opinion of the Attorney General, dated May 4, 1949, rendered at the request of the Railroad Commission with regard to the very permit involved in this case. This opinion is based upon an opinion of the Circuit Court of Appeals, Fifth Circuit, in Counce v. Yount-Lee Oil Co., 5 Cir., 87 F.2d 572, and cases therein cited.

We have examined the principal case and all Texas cases cited therein. None of those cases involved Rule 37 and in none of those cases did a court hold that title by adverse possession was acquired or that it vested at any time other than upon completion of the adverse possession required by the statute under which title was based.

Some of those cases do discuss the nature and effect of title to real property which is acquired by compliance with our limitation statutes. If we are here concerned with the nature or effect of such title, which we doubt, reference to Article 5513, V.A.C.S., which provides that:

"Whenever an action for the recovery of real estate is barred by any provision of this title, the person having such peaceable and adverse possession shall be held to have full title, precluding all claims."

should, in the language of Justice Stayton in Goldfrank, Frank & Co. v. Young, 64 Tex. 432, loc. cit. 435, as regards realty, be considered as "putting the question as to the effect of the statutory bar beyond controversy; * * *"

█ Whatever may be said of the character of land titles created by compliance with our statutes of limitation it is certain that no title, legal or equitable, is created, acquired or vested prior to fulfilment of all statutory requirements. We quote from Bishop v. Lusk, 8 Tex.Civ.App. 30, 27 S.W. 306, 307:

"Until the period of limitation, as fixed by the statute, has expired, under the adverse possession, the owner of the real title may dispossess the oc-

cupant by suit; or, if the occupant abandons his possession, he will have acquired no title or interest, either legal or equitable, in the land. Until he has acquired title by adverse holding for the full period of time prescribed in the statute, his possession is wrongful, and, in contemplation of law, he is a trespasser."

This case was cited with approval in Hutto v. Cook, 139 Tex. 571, 164 S.W.2d 513.

Consistent with Bishop v. Lusk, supra, and our decision herein, is the recent case of Railroad Commission of Texas v. Humble Oil and Refining Co., Tex.Sup., 1952, 245 S.W.2d 488, 490. There one of the questions presented was whether the execution of an oil lease in 1925 covering a 194-acre tract constituted a voluntary segregation of such tract, within the meaning of Rule 37, from an adjacent .95 acre tract which the owner of the 194 acres was in the process of acquiring by ten years adverse possession. The Court said:

"The 1925 lease did not constitute a voluntary segregation of the .95-acre tract, since title to the .95-acre tract had not been acquired at that time. The title to the .95-acre tract was acquired by limitation in 1926".

It is our opinion that the 0.64 acre tract was segregated from the Watson tract in 1939; that such segregation was voluntary on the part of the Pomp Mitchell heirs and that the tract created thereby constituted an illegal subdivision under Rule 37 then in force in that area.

The judgment of the trial court is reversed and judgment is here rendered cancelling the permit issued to appellee Hughes Oil Company and enjoining it and all those acting for it from drilling or attempting to drill the well authorized by such permit and from producing or attempting to produce oil or gas therefrom.

Reversed and rendered.